UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| STEVEN W. SCHRADER,<br><br>       **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>       **Defendant.** | Case No. 13-2101 |

### REPORT AND RECOMMENDATION

      Plaintiff Steven W. Schrader seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#18)** be **GRANTED**, and that the decision to deny benefits be affirmed.

### I.  Background

      On May 18, 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning November 1, 2009. These applications were denied initially and upon reconsideration. On March 1, 2012, Plaintiff appeared with a non-attorney representative before an Administrative Law Judge (ALJ) for a hearing, during which the ALJ heard testimony from Plaintiff; Dr. Ellen Rozenfeld, an impartial medical expert; and a vocational expert (VE).

      On March 14, 2012, the ALJ issued an unfavorable decision. (R. 20-31.) The ALJ found that Plaintiff had severe impairments of depression, sinusitis, bipolar disorder/mood disorder, attention deficit disorder, intermittent disorder, obsessive compulsive disorder, and a learning disorder. The ALJ determined that Plaintiff's impairments did not meet or equal the listings and that Plaintiff retained the residual functional capacity (RFC) to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: The work is unskilled, with simple, repetitive, routine, and predictable tasks. The claimant is limited to work that is not fast-paced with no high production quotas. The claimant can work in proximity to co-workers but not on shared or joint tasks. The claimant is limited to no sustained general public contact, and only occasional supervisory contact.

(R. 24.) The ALJ reasoned that Plaintiff could not return to his past relevant work but could transition to other jobs in the national economy. Therefore, the ALJ found Plaintiff not disabled. The ALJ's ruling became Defendant's final decision when the Appeals Council denied review.

Plaintiff argues that the ALJ erred when assessing physicians' opinions; finding that Plaintiff's impairments did not meet or equal Listing 12.04, Affective Disorders; and concluding that Plaintiff could perform other jobs in the national economy.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Discussion
### A. Physicians' Opinions

Plaintiff argues that the ALJ failed to explain why she did not afford controlling weight to the opinion of treating psychiatrist Dr. Alexander; should not have rejected the opinion of

examining physician Dr. McGovern; and erred by giving great weight to the opinion of testifying medical expert Dr. Rozenfeld.

When evaluating a physician's opinion, an ALJ is required to consider whether 1) the physician examined the claimant; 2) the physician treated the claimant, with attention to the length and nature of the treating relationship; 3) relevant evidence supports the opinion; 4) the opinion is consistent with the record as a whole; 5) the physician is a specialist; and 6) any other factors tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). A treating physician's opinion warrants special deference and receives "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). However, "once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider." *Bates v. Colvin*, 736 F.3d 1093, 1099-1100 (7th Cir. 2013) (internal quotation marks omitted). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

Regarding treating physician Dr. Alexander, Plaintiff does not explain which of Dr. Alexander's opinions the ALJ unfairly rejected. Plaintiff notes that Dr. Alexander diagnosed Plaintiff with bipolar depressed mood disorder, attention deficit disorder, obsessive compulsive disorder, major depressive affective disorder: severe degree, and reported that Plaintiff's mood swings are more severe when he is working and when supervisors instruct him to work faster. The ALJ included these diagnoses in Plaintiff's severe impairments (R. 22) and crafted an RFC designed to reduce work-place stressors, including only occasional interaction with supervisors and reduced pace and production expectations. Therefore, the Court finds no error.

Plaintiff next argues that the ALJ should have accepted the opinion of examining physician Dr. McGovern that Plaintiff should be given up to 25% extra time to complete tasks and out-of-class assignments. (R. 354.) Of Dr. McGovern's opinion, the ALJ wrote that she

3

> g[a]ve little weight to Dr. McGovern's conclusion that the claimant should be provided an accommodation of up to 25% extra time to complete tasks and out-of-class assignments. This is the opinion of a one-time examiner, and is generally inconsistent with the evidence of record, which indicates normal findings on examination, intact memory, and concentration when interested in a subject. Nevertheless, I have considered this statement and the need for some difficulties in concentration, persistence, or pace in limiting the claimant to the range of work set forth above.

(R. 29.) The ALJ appropriately discounted Dr. McGovern's opinion as to the severity of Plaintiff's limitations in concentration, persistence, and pace because it was inconsistent with the other evidence of record, including, as the ALJ noted, Plaintiff's own testimony that he could concentrate when a subject interested him. Dr. McGovern's non-treating relationship with Plaintiff was another fair reason for the ALJ to give less weight to his opinion. *See* 20 C.F.R. § 404.1527(c).

The ALJ likewise did not err in giving great weight to the opinion of testifying expert Dr. Rozenfeld. Plaintiff argues that Dr. Rozenfeld's opinion is not well-supported because Dr. Rozenfeld did not review the opinions of Plaintiff's treating medical sources and, instead, relied on four letters from Plaintiff's former supervisors from 2007 and earlier, who reported that Plaintiff had poor focus and concentration. (R. 522-26.) Plaintiff contends that these third party letters do not support Dr. Rozenfeld's conclusion that Plaintiff had only moderate limitation in concentration.

First, Dr. Rozenfeld did review and rely on the medical evidence in Plaintiff's record, as her extensive recitation of the medical evidence makes clear. (R. 55-60.) Furthermore, Dr. Rozenfeld explained that she did not credit the 2007 letters because they did not provide an up-to-date representation of Plaintiff's limitations in concentration, persistence, and pace:

> And with regards to concentration, persistence, or pace the - - I know there are some third party letters in 20F. They all go back to 2007. I see thing [sic] more recent. The AOD is 11 of '09. He described keeping a job for two years. The diagnosis of ADD is in the file. His capacity for sustained, focused attentions seem variable. He is able to drive, he is able to sustain attention and concentration for tasks which are of greater interest. He's not being treated for ADHD. In my opinion it's a moderate limitation.

(R. 60-61.)

4

Therefore, the Court finds that substantial evidence supports the ALJ's analysis of the physicians' opinions.

### B. Listing 12.04

Plaintiff next contends that the ALJ erred by finding that Plaintiff's mental impairments did not meet or equal listing 12.04, Affective Disorders. However, in reaching this conclusion, the ALJ relied on the opinions of medical expert Dr. Rozenfeld (R. 56) and state agency physician Dr. Mehr (R. 363-75) that Plaintiff's mental impairments did not meet or equal Listing 12.04. (R. 22-24.) The Court has already rejected Plaintiff's objections to Dr. Rozenfeld's opinion, and Plaintiff does not challenge Dr. Mehr's opinion. Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal Listing 12.04.

### C. Step Five

Plaintiff also argues that the ALJ erred by determining that Plaintiff could transition to other jobs in the national economy—specifically, a dishwasher, DOT 318.687-010; mail clerk/sorter, DOT 209.687-026; cleaner/janitor, DOT 919.687-014; and cleaner/maid, DOT 323.687-014.

Plaintiff first contends that the VE's testimony was inconsistent with the Dictionary of Occupational Titles (DOT). "[B]ecause SSR 00–4p imposes an affirmative duty *on the ALJ* to inquire into and resolve apparent conflicts [between the VE's testimony and the DOT], a claimant's failure to raise a possible violation of SSR 00–4p at the administrative level does not forfeit the right to argue later that a violation occurred." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). Nevertheless, if a plaintiff's attorney does not object at the hearing, then the plaintiff must show that "the conflicts were obvious enough that the ALJ should have picked up on them without any assistance, for SSR 00–4p requires only that the ALJ investigate and resolve *apparent* conflicts between the VE's evidence and the DOT." *Id.*

Here, the ALJ asked the VE if his testimony was consistent with the DOT, and the VE responded in the affirmative. (R. 69.) Plaintiff's representative did not object to the VE's

5

testimony. Therefore, in order to convince this Court that remand is required, Plaintiff must show that the conflict in the VE's testimony was obvious enough that the ALJ should have discerned it, even without an objection. The ALJ asked the VE to identify jobs that, among other limitations, were simple, repetitive, routine, and predictable. The VE provided several jobs classified by the DOT with a skill level of Specific Vocational Preparation (SVP) 2. SVP refers to the "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DICTIONARY OF OCCUPATIONAL TITLES, App'x C, *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM. A job classified as SVP 2 requires training time of "[a]nything beyond short demonstration up to and including 1 month." *Id.* Plaintiff argues, without explanation or citation to authority, that this training requirement is inconsistent with Plaintiff's limitation to simple, repetitive, routine, and predictable tasks. The Court does not see any obvious conflict between the VE's testimony and the DOT and, therefore, finds no error.

Additionally, Plaintiff asserts that his history of being fired from previous jobs shows that he cannot transition to the jobs identified by the VE, particularly because he already lost positions as a dishwasher and a railroad car cleaner due to his inability to stay on task. The ALJ's decision certainly would be inconsistent had she determined that Plaintiff could not return to his past relevant work as a dishwasher and cleaner but, in the next breath, found that Plaintiff could transition to work as a dishwasher and cleaner. However, the ALJ relied on the VE's testimony that Plaintiff's prior positions as a retail stock clerk and assembler constituted his past relevant work. (R. 66.) Plaintiff's representative did not challenge this assessment at the hearing,[1] nor does Plaintiff argue to this Court that the VE's definition of Plaintiff's past relevant work was incomplete and should have included his work as a dishwasher and railroad car cleaner. *See* 20 C.F.R. § 404.1560(b)(1) ("Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."). Additionally, Plaintiff does not point to evidence that his work as a dishwasher

---

[1] Plaintiff's representative mentioned the dishwashing position in his closing statement but did not actually make an argument or challenge any of the VE's testimony: "Just that with regard to - - just addressing the potential dishwasher position. The claimant had work as a dishwasher at Baker Square but it ended up not working out because of pace, so - - but nothing additional in general." (R. 71.)

and railroad car cleaner met the DOT definitions used by the VE to determine that Plaintiff could perform work in the national economy as a dishwasher, cleaner/janitor, and cleaner/maid. Therefore, the Court finds no inconsistency between Plaintiff's past non-relevant work and the ALJ's determination that he could transition to other jobs in the national economy. Furthermore, even if the ALJ did err, such error was harmless. Excluding the dishwasher and cleaner positions, the ALJ still identified a significant number of jobs that Plaintiff could perform: 1,700 mail clerk/sorter jobs exist in the state of Illinois. (R. 30.) *See Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) ("[I]t appears to be well-established that 1,000 jobs is a significant number."); *accord Stanley v. Astrue*, 410 F. App'x 974, 976 (7th Cir. 2011). Therefore, the Court finds that substantial evidence supports the ALJ's Step Five finding that Plaintiff could perform other work in the national economy.

### IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#18)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 18th day of July, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE